FILED

2022 Jun-03  AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **MARY MCGRAW, *et al.*,**<br>      Plaintiffs, | |
| **v.** | **Case No. 4:21-cv-1412-CLM** |
| **RONALD KNIGHT, *et al.*,**<br>      Defendants. | |

| | |
|---|---|
| **RONALD KNIGHT,**<br>      Counterclaim Plaintiff, | |
| **v.** | |
| **JOHN NUNNELEE, *et al.*,**<br>      Counterclaim Defendants. | |

## <u>MEMORANDUM OPINION</u>

This is a complex case about contaminated property, foreclosure, and alleged fraud that has been pending in state court since 2008. Counterclaim Defendant, John Nunnelee, removed this action from state court to federal court. (Doc. 1). Counterclaim Plaintiff, Ronald Knight, asked the court to remand this case to state court, asserting that this court does not have subject matter jurisdiction over this case. (Doc. 10). In his motion to remand, Knight also asked the court to grant him reasonable attorneys' fees. (*Id.*).

For the reasons stated within, this court will **GRANT in PART** Knight's motion to remand. (Doc. 10). The court will **DECLINE** to award attorneys' fees to Knight. The court will **REMAND** this action to state court.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 286, 392 (1987). The party seeking to invoke federal jurisdiction has the burden to show that the court has subject matter jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182 (1936).

## BACKGROUND

The court lacks access to all the state court filings, and the removal notice does not fully explain the factual basis for this lawsuit. But by reviewing the filings here and the filings in the dismissed related action, *Nunnelee v. United States*, 4:11-cv-02039-VEH, the court pieced together the basic factual assertions.

In 1949, the United States "conveyed 60 acres of land to Ernest Moore . . . . The deed state[d] the land [was] '[r]estricted to grazing purposes only.'" (4:11-cv-02039-VEH, doc. 1, p. 2). The deed also contained a thorough explanation for the basis of the restriction—in short, the deed specified that the land was previously used as a training facility for the War Department and was contaminated. (*Id.* at 2–3). Ten days later, Moore sold the property to William Raymond Knight; this deed contained the restriction that the land was to be used for grazing purposes only, but it did not contain the associated explanation. (*Id.* at 3). Thirty-five years later in 1984, a survivorship deed conveyed the land to Kathleen M. Knight and William Ronald Knight; this deed also contained the restriction, but not the reason for the restriction. (*Id.*).

In 2004, William Ronald Knight—the defendant/counterclaim plaintiff here—sold the property as five separate parcels. Knight's attorney presented a letter he received from Craig Cornwell, the Assistant Regional Attorney for the United States Department of Agriculture, as a

decisive document at closing. (*Id.*). This letter stated that the Department of Agriculture would not enforce the grazing restriction and stated Cornwell's suspicion that "the addition of [the] grazing restriction verbiage was a scrivener's error." (*Id.*). Relying on Knight's attorney's representation that the grazing restriction was a scrivener's error, Mary McGraw (Nunnelee's mother), Angela Nunnelee Walker (Nunnelee's daughter), and Brian Nunnelee (Nunnelee's son) each purchased one of the parcels of land. Knight provided seller financing, and the three purchasers made their mortgage payments to Knight. (4:11-cv-02039-VEH, doc. 6, p. 4). Nunnelee and his family built a home on his mother's land and began residing in this home in the spring of 2005. (*Id.* at 16; doc. 1, p. 6).

Then the Nunnelee's learned that the land was formerly used as a conventional weapon and chemical warfare training facility. McGraw stopped paying her mortgage. Knight foreclosed on the mortgage, and the "property conveyed back to Ronald Knight by foreclosure deed on April 1, 2008." (4:11-cv-02039-VEH, doc. 6, p. 4). The Nunnelees continued to live in their residence on the property. In April 2008, McGraw and others sued Knight in the Circuit Court of Etowah County, Alabama, Case No. CV-08-248-WBO, contesting the "validity of the foreclosure[s]." (*Id.*; *see also* doc. 1). Knight pursued a "counter-claim for ejectment." (*Id.*).

In September 2008, the Alabama Department of Environmental Management obtained a permanent restraining order to allow "the Army Corps of Engineers to take possession of the . . . properties." (4:11-cv-02039-VEH, doc. 4, p. 14). While the Nunnelee's were still residing in their home on the property, the United States government tried to remove leftover munitions and contaminants and "maintained gated entrances to the . . . property [with] 24-hour armed guards, 7 days a week." (*Id.*).

In April 2011, Knight amended his counterclaim to add John and Carol Nunnelee as counterclaim defendants, noting that despite the 2008 foreclosure, the Nunnelees were still "in possession of the premises." (Doc. 1, p. 4). In October 2018, the Nunnelees finally moved out. (Doc. 4, p. 14).

In January 2020, the state court stayed the case when Counterclaim Co-Defendant, Brian Nunnelee, filed for Chapter 13 Bankruptcy. (Doc. 4, p. 3). While the case was stayed, Knight "sold all 3 of the disputed foreclosed properties on July 1, 2020." (Doc. 4, p. 3). In June 2021, Nunnelee learned that Knight sold the disputed properties. (Doc. 4, p. 3).

In October 2021, Nunnelee removed this action from state court to federal court;[1] Nunnelee states that he is the only defendant in this removal action. (Doc. 1). Knight moved to remand, asserting that this court does not have subject matter jurisdiction over this case. (Doc. 10).

## ANALYSIS

Neither Nunnelee's removal notice (doc. 1), his motion to remove the state circuit court case for final adjudication (doc. 4), his response to the court's order to show cause (doc. 6), nor his response to Knight's motion to remand (doc. 11) explains how this court has subject matter jurisdiction over this case. Though Nunnelee has the burden to establish that this court has subject matter jurisdiction, the court will analyze the sources of subject matter jurisdiction for the record. There are two primary sources for subject-matter jurisdiction: diversity jurisdiction and federal question jurisdiction.

Federal question jurisdiction exists when a claim arises "under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).

---

[1] In his "Notice of Removal" and "Motion to Remove State Circuit Court Case for Final Adjudication" (docs. 1, 4), Nunnelee asked the court to issue a declaratory judgment quieting title on all three foreclosed properties in his and his wife's names. Nunnelee also references Case 4:11-cv-02039-VEH, which was dismissed without prejudice for lack of standing in 2013. (Case 4:11-cv-02039-VEH, doc. 41). It is unclear whether Nunnelee is asking this court to re-open Case 4:11-cv-02039-VEH or whether Nunnelee is notifying the court that he intends to file a motion in Case 4:11-cv-02039-VEH to re-open the case. (Docs. 1, 4). If Nunnelee is asking this court to re-open Case 4:11-cv-02039-VEH, that motion is denied. If Nunnelee wishes to re-open that case, he should file a motion in that case.

4

Nunnelee's only reference to a federal question is his assertion that he intends to file a motion to re-open case 4:11-cv-02039-VEH—a "property damage action [that he] brought against the United States under the Federal Tort Claims Act." (4:11-cv-02039-VEH doc. 49, p. 1); (Doc. 4, p. 2). The court finds that Nunnelee cannot establish that this court has federal question jurisdiction over this case just because he intends to move to re-open a closed case over which he claims the court has federal question jurisdiction.

Diversity jurisdiction exists where every plaintiff is a citizen of a different state than every defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Individuals, like the parties here, are citizens of their place of domicile. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A domicile is a person's physical home where he intends to remain indefinitely. *See id.* at 1258. Here, the parties do not dispute that Nunnelee and Knight are both citizens of Alabama. So the court does not have diversity jurisdiction over this case.

The court raised the unlikely possibility that Nunnelee may be attempting to invoke 28 U.S.C. § 1452, which allows the removal of claims related to bankruptcy cases, because Nunnelee's counterclaim co-defendant, Brian Nunnelee, filed for Chapter 13 bankruptcy. (Doc. 5, p. 3). But Nunnelee stated that he "is the only Defendant in this Removal action." (Doc. 1, p. 2). After the court raised 28 U.S.C. § 1452 in its order to show cause, Nunnelee did not amend his statement to include Brian Nunnelee as a defendant in the removal action nor did he confirm that he was attempting to invoke subject matter jurisdiction under 28 U.S.C. § 1452. So the court finds that it does not have removal jurisdiction under 28 U.S.C. § 1452.

Nunnelee failed to remove this case within 30 days of his receipt of Knight's amended counterclaim as required by the statute; instead, Nunnelee removed the case over 10 years after he received Knight's amended counterclaim. *See* 28 U.S.C. § 1446(b)(1). Nunnelee also failed to obtain consent to removal from all properly joined defendants as required

by the statute; instead, Nunnelee states that he "is the only Defendant in this Removal action." (Doc. 1, p. 2); *see also* 28 U.S.C. § 1446(b)(2)(A). Because Nunnelee failed to meet his burden to establish that the court has subject matter jurisdiction over this case, the court will dismiss this case for lack of subject matter jurisdiction. *See McNutt*, 298 U.S. at 182 ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case.").

## <u>CONCLUSION</u>

For the reasons listed above, the court will **GRANT in PART** Knight's motion to remand (doc. 10). The court will **DECLINE** to award Knight's attorneys' fees. The court will **REMAND** this case to state court.

The court will enter a separate order that carries out this ruling.

**DONE** on June 3, 2022.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE